**SO ORDERED.**

**SIGNED this 19th day of January, 2021.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Randolph Hospital, Inc. ) | |
| d/b/a Randolph Health[1] ) | Case No. 20-10247 |
| ) | |
| Debtors. ) | |
| ) | |

### ORDER
### ESTABLISHING PROCEDURES FOR OMNIBUS HEARING
### SCHEDULED FOR FEBRUARY 4, 2021

An omnibus hearing has been scheduled in this case on February 4, 2021 at 9:30 a.m. in the United States Bankruptcy Court to consider pending matters in this case, including, but not limited to, the Motion for Approval of Amendment to Asset Purchase Agreement Between Debtors and American Healthcare Systems, LLC (Doc. # 659). The Court has determined that the omnibus hearing (the "Pending Proceeding") shall take place virtually via Zoom for Government.

Under Federal Rule of Civil Procedure 43(a) made applicable by Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 611, the current COVID-19 pandemic provides for good cause and constitutes compelling circumstances for the admission of testimony and evidence in the Pending

---

[1] The Debtors are Randolph Hospital, Inc., d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

Proceeding virtual means as set forth herein. As a result, the Court determines that the following virtual hearing procedures shall provide appropriate safeguards in relation to the hearing on the Pending Proceeding on February 4, 2021.

Accordingly, IT IS HEREBY ORDERED that:

1. **<u>Applicable Audio and Video Technologies for Hearing.</u>** The hearing shall take place using <u>both</u> the telephonic and videoconferencing means described below. Participants will be connected with the courtroom through the combination of these technologies but will not be physically present in the courtroom. The Court will utilize (a) the AT&T Teleconferencing Service (AT&T) for courtroom audio and (b) Zoom for Government for video.

   a. **Audio.** AT&T can be accessed by calling (866) 434-5269 and entering access code 2732206#. It is strongly encouraged that all counsel and Remote Witnesses accessing the hearing through AT&T utilize either a headset or handset.

   b. **Video.** The Zoom for Government link shall be provided to those parties who have submitted a notice of intent to participate in accordance with Paragraph 2 below. All counsel and Remote Witnesses shall conduct a pre-hearing test of Zoom for Government and, if possible, AT&T, using the same equipment that they will be using during the hearing.

2. **<u>Accessing the Hearing.</u>** Any individual wishing to attend the hearing must provide notice, either directly or through counsel, to Virtual_Court_James@ncmb.uscourts.gov no later than 12:00 p.m. on February 3, 2021. Instructions for accessing the hearing will then be provided, including separate links for each individual who will be attending. **Individuals wishing to (1) make opening or closing statements (2) offer testimony or (3) question or cross-examine witnesses shall enable the video function on Zoom for**

> **Government**. Any individual who anticipates technological limitations (e.g., slow internet connection, inability to access internet) that will prevent them from appearing by Zoom for Government must email the Court at Virtual_Court_James@ncmb.uscourts.gov, or call (336) 358-4000 for immediate assistance, no later than 12:00 p.m. on February 3, 2021.

3. **Submission of Exhibits to Court.** Parties represented by counsel shall file all exhibits on the docket in .pdf format no later than 12:00 p.m. on February 3, 2021. Individuals representing themselves pro se (without an attorney's assistance) shall submit their exhibits to (i) Virtual_Court_James@ncmb.uscourts.gov, (ii) counsel for the Debtors, Rebecca Redwine, at rredwine@hendrenmalone.com, (iii) counsel for the Official Committee of Unsecured Creditors, Andrew Sherman, at asherman@sillscummis.com, and (iv) the Assistant United States Bankruptcy Administrator, Robert Price, at robert_e_price@ncmba.uscourts.gov. The filing of any exhibit shall not require the exhibit to be offered into evidence at the hearing, nor shall any proposed exhibit be considered as evidence unless offered and admitted at the hearing. All objections to any exhibits are preserved for the hearing. Only those exhibits timely submitted may be offered at the hearing absent good cause, unless offered solely for rebuttal.

4. **Form of Exhibits.** Each party shall combine all its potential exhibits into one .pdf document beginning with a table of contents, and each individual exhibit shall be bookmarked for easy review by the Court.

5. **Rebuttal Exhibits.** Any document that may be used solely for impeachment or rebuttal at the hearing should not be included in the PDF file(s) described in Paragraph 4. If counsel uses a document solely for impeachment or rebuttal at the hearing, counsel must be prepared to simultaneously email a PDF copy of the document to the Court, the witness, and opposing counsel during the hearing.

6. **Remote Witness Testimony.** In accordance with Federal Rule of Civil Procedure 43(a) made applicable by Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence Rule 611, for good cause and in compelling circumstances, a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Based on the foregoing, any witness called to testify or subject to cross-examination in relation to the Pending Proceeding shall be permitted to testify by contemporaneous transmission from a different location ("Remote Witness").

7. **Requirements for Allowance of Remote Testimony; Additional Information.** As additional safeguards for the allowance of a Remote Witness, the party sponsoring the Remote Witness shall file with the Court, no later than 12:00 p.m. on February 3, 2021, a document containing the following information:

    a. The name and title of the Remote Witness.
    b. The matter on which the Remote Witness will provide testimony.
    c. The location of the Remote Witness (city, state, country).
    d. The place from which the Remote Witness will testify (e.g. home, office – no addresses are required).
    e. Whether anyone will be in the room with the Remote Witness during the testimony, and if so, who (name, title, relationship to the Remote Witness), and for what purpose. *A party sponsoring the Remote Witness should not be in the same room as that Remote Witness he intends to question.
    f. Whether the Remote Witness will have access to any documents other than exhibits that have been filed on the docket, and if so, an explanation of those documents.

    Individuals representing themselves pro se shall submit this document to (i) Virtual_Court_James@ncmb.uscourts.gov, (ii) counsel for the Debtors, Rebecca Redwine, at rredwine@hendrenmalone.com, (iii)

counsel for the Official Committee of Unsecured Creditors, Andrew Sherman, at asherman@sillscummis.com, and (iv) the Assistant United States Bankruptcy Administrator, Robert Price, at robert_e_price@ncmba.uscourts.gov.

Note: Providing the identity of a witness shall not require that the witness be called, but only those witnesses timely identified will be permitted to testify absent good cause, unless called solely for rebuttal. If counsel intends to call a rebuttal witness at the hearing (who was not timely disclosed prior to the hearing), counsel must be prepared to simultaneously docket a PDF copy of the document required under this paragraph or email the same to the Court, the witness and opposing counsel during the hearing.

8. **Swearing In of Remote Witnesses.** All Remote Witnesses shall be affirmed during the video conference and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was affirmed by the court deputy in person in open court.

9. **Responsibility for Remote Witnesses.** The party sponsoring the Remote Witness shall be responsible for ensuring that all virtual hearing information and all exhibits are supplied to the Remote Witness prior to the hearings, and that the Remote Witness has access to the Zoom for Government conference link, as applicable, including access to internet and audiovisual technologies.

10. **Courtroom Formalities.** Although conducted using telephonic and videoconferencing technology, this hearing constitutes a court proceeding. No person shall record the audio or video of the hearing from any location or by any means. The audio recording created and maintained by the Court shall constitute the official record of the hearing. Further, the formalities of a courtroom shall be observed. Counsel and Remote Witnesses shall dress appropriately, exercise civility, and otherwise

conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

**END OF DOCUMENT**