UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**DEBTOR'S MOTION FOR AN ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING FORMS AND PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF**

Randolph Hospital, Inc. d/b/a Randolph Health and certain of its affiliates ("Randolph" or the "Debtors"), the above-captioned debtors in possession, file this motion (the "Motion") for the entry of a proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order") (i) approving the *Disclosure Statement for Joint Plan of Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") (Doc. No. 679); (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Debtors' *Joint Plan of Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Plan") (Doc. No. 678),[2] including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

[2] Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (iv) granting related relief.  In support of this Motion, Debtors respectfully represents as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.     The United States Bankruptcy Court for the Middle District of North Carolina ("Bankruptcy Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are sections 105, 327, 328, 1125 and 1126 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2002, 2014, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 3018-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules") of the (the "Bankruptcy Court").

## BACKGROUND

4.     On March 6, 2020 (the "Petition Date"), the Debtors filed voluntary chapter 11 petitions in the Unites States Bankruptcy Court for the Middle District of North Carolina ("Court") commencing the above-captioned cases ("Chapter 11 Cases").

5.     The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

6.     On March 9, 2020, the Bankruptcy Administrator for the Middle District of North Carolina noticed the formation of a committee of unsecured creditors ("Committee") (Doc. No. 33).

7.      A description of the Debtors and their businesses, and the facts and circumstances giving rise to these Chapter 11 Cases is set forth in the Affidavit of Louis E. Robichaux IV in Support of the Debtors' Chapter 11 Filings and First Day Motions ("First Day Affidavit,") (Doc. No. 4)*,* which is incorporated herein by reference

8.      On November 3, 2020, the Court entered an Order Authorizing the Sale of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Certain Related Relief (the "Sale Order") (Doc. No. 563).  The Sale Order, among other things, authorized the Debtors to sell the Acquired Assets free and clear to American Healthcare Systems, LLC ("American Healthcare").

9.      On February 1, 2021, the Debtors filed the Plan and Disclosure Statement.

**RELIEF REQUESTED**

10.      By this Motion, the Debtors respectfully request entry of an order (i) approving the Disclosure Statement as containing "adequate information," as that term is defined in section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (a) approving the form and manner of the solicitation packages, (b) approving the form and manner of notice of the hearing to confirm the Plan, (c) establishing a voting record date and approving procedures for distributing the solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline for the receipt of ballots, and (f) approving procedures for tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (iv) granting related relief.

11.     The following is a summary of the timeline proposed in this Motion:[3]

| Event | Date/Deadline |
|---|---|
| Disclosure Statement Hearing | March 4, 2021 at 9:30 a.m. |
| Solicitation Commencement Date | Three (3) business days after entry of order approving the Disclosure Statement |
| Voting Record Date | [March 31, 2021 at 4:00 p.m.][4] (Eastern Daylight Time) |
| Plan Supplement[5] Deadline | 7 days before Voting Deadline |
| Voting Objection Deadline and Determination Motion Deadline | [March 31, 2021 at 4:00 p.m.] (Eastern Daylight Time) |
| Voting Deadline | [April 1, 2021 at 4:00 p.m.] (Eastern Daylight Time) |
| Claims Estimation Motion Deadline | Later of (i) Voting Objection Deadline or (ii), if subject to an Objection or Determination Motion, 7 days after the filing of the Objection or Motion |
| Confirmation Objection Deadline | [April 22, 2021 at 4:00 p.m.] (Eastern Daylight Time) |

_____

[3] The forms of notices attached to this Motion contain dates proposed by the Debtors. These dates are subject to the availability of the Bankruptcy Court and may change.

[4] All dates and times set forth in brackets in this Motion are proposed dates only, and subject to approval by the Court, as well as the Court's calendar.

[5] Plan Supplement to include (i) name and contact information for each member of the Advisory Committee, (ii) Liquidation Trust Agreement, (iii) schedule of Restricted Assets, (iv) name and compensation terms for Surviving Officer, and (v) name and compensation terms for Liquidation Trustee.

| Event | Date/Deadline |
|---|---|
| Deadline to File Tabulation Report, Memorandum of Law in Support of Confirmation, Proposed Confirmation Order and Response to Objections to the Confirmation | [April 29, 2021 at 4:00 p.m.] (Eastern Daylight Time) |
| Confirmation Hearing | [May 6, 2021 at 9:30 a.m.] (Eastern Daylight Time) |

## BASIS FOR RELIEF REQUESTED

### I.    Approval of the Disclosure Statement

12.    Pursuant to Section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed Chapter 11 plan. In that regard, section 1125(a)(1) of the Bankruptcy Code provides in pertinent part that:

> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

13.    The primary purpose of a disclosure statement is to provide all material information that creditors affected by a proposed plan need in order to make an informed decision whether to vote for or against a chapter 11 plan. *See Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) (". . . § 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote"). *See also In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D.

Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress anticipated that such informed judgments would be needed to both negotiate over and vote on a plan of reorganization. *Id.*

14. In examining the adequacy of the information contained in a disclosure statement, the Court has broad discretion. *See In re Cajun Elec. Power Co-op, Inc.*, 230 B.R. 715, 731 (Bankr. M.D. La. 1999) (citing *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination is largely within the discretion of the bankruptcy court.")). *See also In re A.H. Robbins Co.*, 880 F.2d 694, 698 (4th Cir. 1989).

15. Courts evaluate whether a disclosure statement contains adequate information on a case-by-case basis, based on the facts and circumstances of each case. *See Oneida Motor Freight, Inc. v. United Jersey Bank et al.*, 848 F.2d 414, 417 (3d Cir. 1988); *In re Tex. Extrusion Corp.*, 844 F.2d at 1157; *In re A.H. Robbins Co.*, 880 F.2d at 698. *See also In re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors courts have considered in determining the adequacy of information provided in a disclosure statement).

16. The determination should take account of expertise and resources, including outside advisors and relevant information already possessed or publicly available, of the hypothetical investor of each class of claims or interests from which classes the acceptance or rejection of the Plan is solicited after the commencement of the cases. *See In re Zenith Elec. Corp.*, 241 B.R. 92, 99-100 (Bankr. D. Del. 1999).

17. Here, the Disclosure Statement is the product of the Debtors' review and analysis of the Debtors' records, the circumstances leading to these Chapter 11 Cases, the cases themselves, and a thorough analysis of the Plan. In drafting the Disclosure Statement, the

Debtors sought the assistance and input of their financial and legal advisors, as well as the Committee, BOA, American Healthcare and these interested parties' legal and financial advisors.

18.     The Disclosure Statement contains, or will contain prior to solicitation, the pertinent information necessary for holders of impaired claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding: (i) the Plan; (ii) the history of the Debtors, including certain events leading to the commencement of these Chapter 11 Cases; (iii) the operation of the Debtors' business; (iv) the Debtors' prepetition capital structure and indebtedness; (v) the Debtors' corporate structure; (vi) a liquidation analysis and other financial information; (vii) the contemplated administration of the Debtors' estates following confirmation of the Plan; (viii) certain federal income tax law consequences of the Plan; (ix) the classification and treatment of claims; (x) the provisions governing distribution under the Plan; and (xi) the means for implementation of the Plan.

19.     The Debtors respectfully submit that the Disclosure Statement complies with all aspects of Section 1125 of the Bankruptcy Code.  The Debtors will demonstrate at the hearing to approve the Disclosure Statement that the Disclosure Statement addresses the information set forth above in a manner that provides holders of impaired claims that are entitled to vote to accept or reject the Plan with adequate information within the meaning of Section 1125 of the Bankruptcy Code and should therefore be approved.

## II.     Establishing Procedures for Solicitation of the Plan

### A.     Approval of Form and Manner of Solicitation Package

20.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

Upon approval of a disclosure statement,—except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders—the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:

> (1)    the plan or a court-approved summary of the plan;
>
> (2)    the disclosure statement approved by the court;
>
> (3)    notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)    any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017(d).

21.    As further discussed below, if the Bankruptcy Court approves the Disclosure Statement as containing adequate information pursuant to Section 1125 of the Bankruptcy Code, the Debtors propose to distribute by First Class Mail to holders of claims in the classes entitled to vote on the Plan (the "Voting Classes")[6] the Confirmation Hearing Notice (as defined below), as well as a package containing solicitation materials (the "Solicitation Package") including:

a)    the Bankruptcy Court's Order approving the Disclosure Statement (the "Disclosure Statement Order"), excluding the exhibits attached thereto;

b)    the applicable ballot (a "Ballot"), the proposed form of which is attached to the Proposed Order as Exhibit 2, together with a pre-paid, pre-addressed return envelope;

---

[6]  The Voting Classes consist of Class 5 (General Unsecured Claims) and Class 6 (Medical Malpractice Claims).

c)      a CD-ROM or USB flash drive containing the Disclosure Statement (with the Plan and other exhibits attached thereto); and

d)      any supplemental documents filed with the Bankruptcy Court and such other materials as the Bankruptcy Court may direct, including any letters in support of the Plan.

The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

22.      Solicitation Packages (except for Ballots) may also be obtained (i) by writing to the Debtors' Administrative Agent (the "Administrative Agent"), Epiq Corporate Restructuring, LLC ("Epiq"), at:

> Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4421
> Beaverton, OR 97076-4421

> Correspondence sent by hand delivery or overnight mail should be sent to:

> Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or (ii) on the Administrative Agent's website[7]; or (iii) on the Bankruptcy Court's website.[8]

**B.      Approval of Form and Manner of Confirmation Hearing Notice**

23.      Upon approval of the Disclosure Statement pursuant to the Disclosure Statement Order, the Debtors will serve or cause to be served: (i) on Voting Classes, written notice (the "Confirmation Hearing Notice") substantially in the form attached to the Proposed Order as Exhibit 1, of (a) the Bankruptcy Court's approval of the Disclosure Statement, (b) deadline for voting on the Plan, (c) the time, date, and place for the hearing to consider confirmation of the

---

[7]  https://dm.epiq11.com/case/randolphhospital/info.
[8]  http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

Plan, and (d) the deadline and procedures for filing objections to the confirmation of the Plan, together with the Solicitation Package; and (ii) on non-voting classes, a written notice (the "Notice of Non-Voting Status and Confirmation Hearing") substantially in the form attached to the Proposed Order as Exhibit 3, which sets forth certain information regarding the hearing to consider confirmation of the Plan and related deadlines. The relevant notices will be served on the appropriate parties by First Class Mail.

24.     Consistent with Section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), with respect to holders of Administrative Claims and holders of claims in Class 1 (Secured Tax Claims), Class 2 (Priority Non-Tax Claims), Class 3 (Secured Term Loan Claim) and Class 4 (Other Secured Claims) (each as defined in the Plan, and, collectively, the "Unclassified/Unimpaired Claimholders"), which classes are unclassified or conclusively presumed to have accepted the Plan, the Debtors propose to send the Notice of Non-Voting Status and Confirmation Hearing to such creditors.

25.     The Notice of Non-Voting Status and Confirmation Hearing sets forth, among other things, (i) the Plan's treatment of the Unclassified/Unimpaired Claimholders, (ii) the Plan's release and injunction provisions, and (iii) the manner in which a copy of the Plan and the Disclosure Statement may be obtained.

26.     The Debtors submit that such notices satisfy the requirements of the Bankruptcy Code and Bankruptcy Rule 3017(d). Accordingly, the Debtors request that the Bankruptcy Court determine that they are not required to distribute copies of the Plan, Disclosure Statement, or Disclosure Statement Order to any of the Unclassified/Unimpaired Claimholders, which are deemed to accept the Plan, unless requested by any of such claimholders in writing or otherwise required to do so under the terms of the Disclosure Statement Order.

### C.    Establishment of Voting Record Date and Approving of Procedures for Distribution of Solicitation Packages

27.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a bankruptcy plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.

28.    The Debtors request that the Bankruptcy Court establish **[March 31, 2021 at 4:00 p.m.] (Eastern Daylight Time)**, as the record date (the "<u>Voting Record Date</u>") for purposes of determining the claimholders that are entitled to vote (subject to the voting procedures set forth below) on the Plan or, in the case of non-voting classes, for purposes of determining the claimholders to receive certain Plan-related materials.  The Debtors expect that it will be able to commence distribution of the Confirmation Hearing Notice and Solicitation Package to the Voting Classes and the Notice of Non-Voting Status and Confirmation Hearing to parties-in-interest outside of the Voting Classes, as set forth herein, within three (3) business days after the date of entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "<u>Solicitation Commencement Date</u>").

29.    The Debtors shall cause to be distributed the Disclosure Statement Order (excluding exhibits thereto), the Confirmation Hearing Notice, the Disclosure Statement (together with the Plan and other exhibits attached thereto), and such other materials as the Court may direct (excluding a Ballot) to, among other parties (to the extent such parties did not otherwise receive the Solicitation Package):

        a)    the Bankruptcy Administrator;

b)     the Committee;

c)     BOA;

d)     all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and

e)     those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

30.     Copies of the Plan and Disclosure Statement will be available: (i) by writing to the Debtors' Administrative Agent at:

> Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4421
> Beaverton, OR 97076-4421

Correspondence sent by hand delivery or overnight mail should be sent to:

> Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005

or (ii) on the Administrative Agent's website[9]; or (iii) on the Bankruptcy Court's website.[10]

31.     The Debtors anticipate that some of the notices served in these Chapter 11 Cases, including notices of the hearing to approve the Disclosure Statement and notices of the commencement of the Chapter 11 Cases, have been or may be returned.  The Debtors believe that it would be costly and inefficient to distribute the Solicitation Package to the same addresses to which undeliverable notices were previously distributed.  Therefore, the Debtors seek the Bankruptcy Court's approval for a departure from the strict notice rule, excusing the Debtors from distributing Solicitation Packages to those entities listed at such addresses if the Debtors are not provided with updated addresses for such entities before the Solicitation Commencement

---

[9]  https://dm.epiq11.com/case/randolphhospital/info.
[10]  http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

Date.  Further, if the Debtors send Solicitation Packages that are deemed undeliverable and are not provided with a forwarding or more updated address, the Debtors seek to be excused from attempting to re-deliver Solicitation Packages to such entities.  The Debtors submit that good cause exists for implementing the aforementioned notice and service procedures.

        **D.**      **Approval of Forms of Ballot**

      32.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot to "creditors and equity security holders entitled to vote on the plan."  The Debtors propose to distribute to each holder of a claim in each Voting Class a Ballot substantially in the form annexed as Exhibit 2 to the Proposed Order.  The form of Ballot is based upon Official Form No. B314, but has been modified to address the particular aspects of these Chapter 11 Cases, and to include certain additional information that the Debtors believe to be relevant and appropriate for the applicable classes of claims that are entitled to vote to accept or reject the Plan, including information regarding the releases and injunctions contained in the Plan.

        **E.**      **Establishment of Deadline for Receipt of Ballots**

      33.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims may accept or reject a plan.  The Debtors have developed the proposed schedule to allow for a solicitation period in these Chapter 11 Cases of at least 28 days, which the Debtors believe is appropriate in light of the circumstances of the case and consistent with the requirements set forth in Bankruptcy Rule 2002(b).  Accordingly, the Debtors propose that in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Administrative Agent so as to be received by the Administrative Agent no later than [**4:00 p.m. (Eastern Daylight Time) on April 1, 2021**] or such other date as agreed to by the Debtors or otherwise ordered by the Bankruptcy Court (the "Voting Deadline") as set forth below.  The

Debtors submit that such solicitation period is a sufficient period within which creditors can make an informed decision to accept or reject the Plan in light of the circumstances of the case.

34.     Except as otherwise set forth in the Proposed Order, Ballots must be delivered via First Class Mail, overnight courier, or hand delivery so as to be actually received by the Administrative Agent no later than the Voting Deadline at the following address in accordance with the voting procedures set forth below:

<div align="center">

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

</div>

<div align="center">

Correspondence sent by hand delivery or overnight mail should be sent to:

</div>

<div align="center">

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

</div>

BALLOTS TRANSMITTED TO THE ADMINISTRATIVE AGENT BY FACSIMILE, ELECTRONIC MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE BANKRUPTCY COURT MAY BE ACCEPTED BY THE DEBTORS IN CONSULTATION WITH THE COMMITTEE ON A CASE-BY-CASE BASIS.

**F.      Approval of Procedures for Vote Tabulation**

35.     Section 1126(c) of the Bankruptcy Code provides as follows:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

36.     Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

### 1.     Ballot Tabulation

37.     For purposes of voting on the Plan, with respect to all creditors of the Debtors, the Debtors propose that the amount of a claim used to tabulate acceptance or rejection of the Plan should be, as applicable:

a)      The amount of the claim listed in the Debtors' schedules of assets and liabilities (the "Schedules"); provided that (i) such claim is not scheduled as any of contingent, unliquidated, undetermined, disputed, or in a zero dollar amount and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) with respect to such claim.

b)      The noncontingent and liquidated amount specified in a proof of claim timely filed with the Bankruptcy Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection filed by **[March 31, 2021 at 4:00 p.m.]  (Eastern Daylight)** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Bankruptcy Court, or otherwise resolved by the Bankruptcy Court, the amount set forth in such stipulation or order).

c)      If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d)      Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e)      The amount temporarily allowed or estimated by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

f)      If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a

reasonable review of the supporting documentation by the Debtors or the Administrative Agent in consultation with the Committee) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g)      If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h)      If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

i)      If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Bankruptcy Court or (i) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j)      If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Bankruptcy Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

38.     The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committee, or any other party-in-interest in any other context, including the right of the Debtors, the Committee, or any other party-in-interest to contest the amount or validity of any claim for purposes of allowance under the Plan.

39.     Additionally, the Debtors seek authorization from the Bankruptcy Court for the Debtors, in consultation with the Committee, to object to any claim (as defined in Section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") no later than the Voting Objection Deadline.  If an objection to a claim

(made by way of a Determination Motion or otherwise) filed on or before the Voting Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as falling into the reclassified category.  Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Bankruptcy Court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, the Debtor requests, in accordance with Bankruptcy Rule 3018, that the creditor's Ballot not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes pursuant to Bankruptcy Rule 3018(a) after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion").[11]

40.    If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), the Debtors request that such creditor be required to file a Claims Estimation Motion for such temporary allowance by the later of (i) the Voting Objection Deadline or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

41.    In the event that a Determination Motion or Claims Estimation Motion is filed, the Debtors request that the Bankruptcy Court allow the non-moving party to file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline").  A hearing will be scheduled

---

[11] This proposed procedure is consistent with Section 1126 of the Bankruptcy Code, which provides that a plan may be accepted or rejected by the holder of a claim allowed under section 502 of the Bankruptcy Code.  In turn, section 502(a) of the Bankruptcy Code provides that a filed proof of claim is deemed allowed "unless a party in interest . . . objects."  11 U.S.C. § 502(a).

(subject to the Bankruptcy Court's availability) on such motion within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing (as defined below). The Debtors further request that the ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) be counted, for voting purposes only, in the amount determined by the Bankruptcy Court.

42. The Debtors propose that, in the event a claimant reaches an agreement with the Debtors, in consultation with the Committee, as to the treatment of its claim for voting purposes, the claim may be treated in such manner subject to providing three (3) business days' notice to the Bankruptcy Administrator.

43. The Debtors further request that the following voting procedures and standard assumptions be used in tabulating the Ballots:

a) For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code and based on the reasonable efforts of the Administrative Agent, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b) Any creditor who holds duplicate claims within the same class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c) Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

e)  Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

f)  Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

g)  Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

h)  Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court may be accepted by the Debtors in, consultation with the Committee, on a case-by-case basis.

i)  Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

j)  If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

k)  Each creditor shall be deemed to have voted the full amount of its claim in a class. Unless otherwise ordered by the Bankruptcy Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Administrative Agent and the Debtors, which determination shall be final and binding.

l)  Any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

m)  Any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

n)  Notwithstanding anything contained herein to the contrary, the Administrative Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.

o)  Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the Bankruptcy Court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

p)       If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q)       Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the Bankruptcy Court determines.  Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

r)       The Debtors, in consultation with the Committee, and subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the Bankruptcy Court.

s)       Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in consultation with the Committee, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Bankruptcy Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

t)       Subject to contrary order of the Bankruptcy Court, the Debtors, in consultation with the Committee, reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, in consultation with the Committee, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

44.       The Debtors submit that such procedures provide for a fair and equitable voting process.

## III.       Scheduling Confirmation and Setting Deadline and Procedures for Filing Objections to the Confirmation of the Plan

### A.       Scheduling the Confirmation Hearing

45.       Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

46.    In accordance with Bankruptcy Rule 3017(c), the Debtors request that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled for [**May 6, 2021 at 9:30 a.m.**] **(Eastern Daylight Time)**.

47.    The Debtors propose that, no later than [**4:00 p.m. (Eastern Daylight Time) on April 29, 2021**] (one week prior to the Confirmation Hearing), the Administrative Agent will file with the Bankruptcy Court a tabulation report for Plan voting and the Debtors will file with the Bankruptcy Court a proposed form of confirmation order, a declaration in support of confirmation addressing the requirements of section 1129(a) of the Bankruptcy Code, and replies to any objections received by the Confirmation Objection Deadline.

48.    The Debtors request that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or the filing of a notice or hearing agenda providing for the adjournment on the docket of the Chapter 11 Cases.  The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and will enable the Debtors to pursue confirmation of the Plan in a timely fashion.

### B.    Establishing Procedures for the Confirmation Hearing

49.    Bankruptcy Rules 2002(b) and 3017(d) require not less than 28 days' notice to all creditors and equity security holders of the time fixed for filing objections and the hearing to consider confirmation of a Chapter 11 plan.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to provide to all creditors a copy of either the Confirmation

Hearing Notice or the Notice of Non-Voting Status and Confirmation Hearing, as proposed herein, setting forth (a) the date of approval of the Disclosure Statement, (b) the Voting Record Date, (c) the Voting Deadline, (d) the time fixed for filing objections to confirmation of the Plan, and (e) the time, date, and place for the Confirmation Hearing. Such notice will be sent at least 28 days before the deadline to object to confirmation of the Plan.

50.    Bankruptcy Rule 2002(1) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish the Confirmation Hearing Notice once, as soon as reasonably practical after the entry of the Disclosure Statement Order, in *The Courier-Tribune*. The Debtors believe that publication of the Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement; the Voting Record Date; the Voting Deadline; the time fixed for filing objections to confirmation of the Plan; and the time, date, and place of the Confirmation Hearing to persons who do not otherwise receive actual written notice by mail as provided for in the Disclosure Statement Order.

51.    The Debtors submit that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Bankruptcy Court approve such notice as adequate.

### C.    Establishing Procedures for the Filing of Objections to the Confirmation of the Plan

52.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Confirmation Hearing Notice provides, and the Debtors request the Bankruptcy Court to direct, that objections to the confirmation of the Plan or proposed modifications to the Plan, if any, must:

a)    be in writing;

b)    comply with the Bankruptcy Rules and the Local Rules;

c)    set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtors;

d)    state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e)    be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the Notice Parties (as defined below) no later than **[April 22, 2021 at 4:00 p.m.]  (Eastern Daylight Time)** which deadline may be extended by the Debtors in consultation with the Committee (the "Confirmation Objection Deadline").  The proposed timing for filing and service of objections and proposed modifications, if any, will afford the Bankruptcy Court, the Debtors, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Confirmation Hearing.

53.    "Notice Parties" means, collectively:   (a) counsel to the Debtors, Hendren, Redwine and Malone, PPLC, 4600 Marriott Drive, Suite 150, Raleigh, NC  27612, ATTN: Rebecca F. Redwine; Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, Columbia, SC 29201, ATTN: Jody A. Bedenbaugh; (b) the Bankruptcy Administrator for the Middle District of North Carolina; (c) the Official Committee of Unsecured Creditors, c/o Andrew H. Sherman, One Riverfront Plaza Newark, NJ 07102, and Rayford K. Adams, III, 110 Oakwood Drive, Suite 500,Winston-Salem, NC  27103; (d) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and (f) Bank of America, c/o McGuire Woods, LLP, Attn: Scott Vaughn, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202.

## IV.    Notice

54.    Notice of this Motion has been provided by electronic mail or overnight

delivery to: (a) the Bankruptcy Administrator for the Middle District of North Carolina; (b) the Official Committee of Unsecured Creditors, c/o Andrew H. Sherman, One Riverfront Plaza Newark, NJ 07102, and Rayford K. Adams, III, 110 Oakwood Drive, Suite 500,Winston-Salem, NC 27103; (c) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (d) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; (e) Bank of America, c/o McGuire Woods, LLP, Attn: Scott Vaughn, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202; and (f) any other entities directly affected by the Motion.   A copy of the Motion has been made available on the website of the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, at https://dm.epiq11.com/RandolphHealth.   In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**V.      Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief to which the Debtors may be justly entitled.

**HENDREN, REDWINE & MALONE, PLLC**
s/Rebecca F. Redwine
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 37012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
Telephone: (919) 420-7867
Facsimile: (919) 420-0475
Email: jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jody A. Bedenbaugh D.S.C. ID No. 9210
Graham S. Mitchell D.S.C. ID No. 11763

24

1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
Jody.Bedenbaugh@nelsonmullins.com
graham.mitchell@nelsonmullins.com

CO-COUNSEL FOR THE DEBTORS-IN-
POSSESSION

**EXHIBIT A**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

### ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) ESTABLISHING FORMS AND PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") for the entry of an order (i) approving the

Disclosure Statement; (ii) establishing procedures for solicitation and tabulation of votes to

accept or reject the Plan, including (a) approving the form and manner of solicitation packages,

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to in the Motion, Plan and/or Disclosure Statement, as applicable.

(b) approving the form and manner of notice of the Confirmation Hearing, (c) establishing a Voting Record Date and approving procedures for distribution of solicitation packages, (d) approving forms of Ballots, (e) establishing deadline for receipt of Ballots, and (f) approving procedures for vote tabulating acceptances and rejections of the Plan; (iii) establishing procedures with respect to, and the deadline for filing objections to, the confirmation of the Plan; and (iv) granting related relief; and upon adequate and sufficient notice of the Disclosure Statement, Disclosure Statement Motion, and the hearing before the Court on [March 4], 2021 to consider and rule on the adequacy of the information contained in the Disclosure Statement (the "Disclosure Statement Hearing"); and the Court having reviewed and considered (x) the Disclosure Statement Motion and all requested relief related thereto, (y) any objections thereto, and (z) the statements of counsel and evidence presented in support of the relief requested at the Disclosure Statement Hearing; and the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of the Motion was sufficient under the circumstances, and (v) the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and this Court having determined that granting the relief requested in the Motion as set forth herein is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY FOUND THAT:**

1.      This Court has jurisdiction to hear and determine the Disclosure Statement Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Notice of the Disclosure Statement Motion and the Disclosure Statement Hearing was served as proposed in the Disclosure Statement Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

3.      The Disclosure Statement contains "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

4.      All objections, responses to, and statements and comments, if any, in opposition to the Disclosure Statement, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the Disclosure Statement Hearing, shall be, and hereby are, overruled in their entirety for the reasons stated on the record and, notwithstanding the foregoing, no objection shall be considered an objection to confirmation of the Plan unless such objection is interposed in accordance with the procedures for objecting to confirmation of the Plan set forth herein.

5.      The form of Ballot attached hereto as **Exhibit 2** is sufficiently consistent with Official Form No. B314 and adequately addresses the particular needs of these Chapter 11 Cases and is appropriate for each of the classes of claims that is entitled to vote to accept or reject the Plan.

6.      The content and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

7.      Ballots need not be provided to holders of the claims in Class 1 (Secured Tax Claims), Class 2 (Priority Non-Tax Claims), Class 3 (Secured Term Loan Claim) and Class 4 (Other Secured Claims) (the "Unclassified/Unimpaired Claimholders"), because such holders are either unclassified pursuant to Section 1123(a)(1) of the Bankruptcy Code or deemed to accept the Plan.

3

8.      The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors to make an informed decision to accept or reject the Plan.

9.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Disclosure Statement Motion and below) provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

10.      The notices substantially in the form attached hereto as **Exhibit 1** (the "Confirmation Hearing Notice") and **Exhibit 3** (the "Notice of Non-Voting Status and Confirmation Hearing"); the procedures set forth below for providing such notice to all creditors and interest holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and the contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017, and service of such materials as set forth herein constitutes sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, AND NOTICE IS GIVEN, THAT:**

1.      The Disclosure Statement Motion is GRANTED and all remaining objections to the Disclosure Statement Motion, if any, are OVERRULED on their merits and DENIED.

2.      The Disclosure Statement is APPROVED (as so approved, the "Disclosure Statement").

3.      **March 31, 2021 at 4:00 p.m. (Eastern Daylight Time)** is established as the voting record date (the "Voting Record Date") for purposes of this Order and determining which holders of claims are entitled to vote on the Plan and/or receive materials approved by this Order, including notices of non-voting status.

4.      The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice, within three (3) business days after the date of entry of this Order (the "Solicitation Commencement Date").

5.      The Debtors are authorized and empowered to commence distribution of the Confirmation Hearing Notice and the Solicitation Packages to the Voting Classes no later than the Solicitation Commencement Date.  To the extent the Debtors are required to distribute copies of the Plan and/or Disclosure Statement, the Debtors may distribute either paper copies or electronic copies in "pdf" format on CD-ROM or USB Flash Drive, at their sole discretion; provided, that the Debtors shall make paper copies available upon written request by a party in interest.

6.      By the Solicitation Commencement Date, the Debtors shall commence or cause service of a copy of (i) this Order (without the exhibits attached hereto), (ii) the Confirmation Hearing Notice, and (iii) the Disclosure Statement (together with the Plan and other exhibits attached thereto) to, among other parties (to the extent such parties did not otherwise receive Solicitation Packages):

       a)      the Bankruptcy Administrator;

       b)      the Committee;

       c)      BOA;

       d)      all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and

       e)      those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002.

7.      The Ballot, which shall be in substantially the form attached hereto as **Exhibit 2** is approved.

8.      Solicitation Packages, which shall include individual Ballots, shall be distributed to the Voting Classes, which classes are designated under the Plan as entitled to vote to accept or reject the Plan.

9.      Only a Notice of Non-Voting Status and Confirmation Hearing, substantially in the form attached hereto as **Exhibit 3**, shall be distributed to the Unclassified/Unimpaired Claimholders, which are either unclassified or conclusively deemed to accept the Plan.  The notices will be served on the Unclassified/Unimpaired Claimholders by First Class Mail.  The Debtors are not required to distribute copies of the Plan, Disclosure Statement, or this Order to any Unclassified/Unimpaired Claimholder, unless such holder makes a specific request in writing for the same.

10.     With respect to addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this Order are returned as undeliverable, the Debtors will make a good faith effort to identify alternative mailing addresses for those entities.  If the Debtors are unable to obtain an updated address or forwarding address for such entities before the Solicitation Commencement Date, failure to deliver the Solicitation Packages or other applicable materials to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline or a violation of Bankruptcy Rule 3017(d).

11.     All Ballots must be properly executed, completed, and delivered by First Class Mail, overnight courier, or hand delivery to the Administrative Agent so as to be actually received by no later than the Voting Deadline at the following address:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

6

Correspondence sent by hand delivery or overnight mail should be sent to:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

provided, however, that Ballots transmitted to the Administrative Agent by facsimile, electronic

mail, or other means not specifically approved by the Bankruptcy Court may be accepted by the

Debtors in consultation with the Committee on a case-by-case basis.

12.     For purposes of voting on the Plan, the amount of a claim held by a creditor shall

be determined pursuant to the following guidelines:

a)     The amount of the claim listed in the Debtors' Schedules; provided that (i) such claim is not scheduled as any of contingent, unliquidated, undetermined, disputed, or in a zero dollar amount and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) with respect to such claim.

b)     The noncontingent and liquidated amount specified in a proof of claim timely filed with the Bankruptcy Court (or otherwise deemed timely filed by the Bankruptcy Court under applicable law) to the extent the proof of claim is not the subject of an objection filed by **March 31, 2021 at 4:00 p.m.  (Eastern Daylight Time)** (the "Voting Objection Deadline") (or, if such claim has been resolved for allowance and/or voting purposes pursuant to a stipulation or order entered by the Bankruptcy Court, or otherwise resolved by the Bankruptcy Court, the amount set forth in such stipulation or order).

c)     If a proof of claim has been timely filed prior to the applicable bar date and such claim is asserted in the amount of $0.00, such claim shall not be entitled to vote.

d)     Notwithstanding anything to the contrary in these tabulation rules, the holder of any claim that has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such claim, if any, to accept or reject the Plan.

e)     The amount temporarily allowed or estimated by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), subject to notice consistent with the procedures set forth herein, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

f)      If a claim for which a proof of claim has been timely filed for unknown or undetermined amounts (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors or the Administrative Agent) and such claim has not been allowed, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

g)      If a claim is listed on a timely filed proof of claim as either wholly or partially contingent or unliquidated, such claim is temporarily allowed in the amount that is the greater of (i) the liquidated and non-contingent amount and (ii) $1.00, for voting purposes only, and not for purposes of allowance or distribution.

h)      If a claim is deemed allowed under the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

i)      If a claim is not listed in the Schedules or is listed in the Schedules as contingent, unliquidated, or disputed (or in a zero amount) and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Bankruptcy Court or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such claim shall be disallowed for voting purposes.

j)      If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim.  Except as otherwise ordered by the Bankruptcy Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

13.     The temporary allowance of claims for voting purposes does not constitute an allowance of claims for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, the Committee, or any other party-in-interest in any other context, including, the right of the Debtors, the Committee, or any other party-in-interest to contest the amount or validity of any claim for purposes of allowance under the Plan.

14.     The Debtors, in consultation with the Committee, may object to any claim (as defined in Section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a Determination Motion no later than the Voting Objection Deadline.  If an objection to a claim

(made by way of a Determination Motion or otherwise) filed on or before the Voting Deadline requests that such claim be reduced or reclassified, such claimant's Ballot shall be counted in such reduced amount or as the reclassified category.  Further, if a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Bankruptcy Court under applicable law), but the creditor's claim is the subject of an objection (made by way of a Determination Motion or otherwise) filed no later than the Voting Objection Deadline, in accordance with Bankruptcy Rule 3018, the creditor's Ballot shall not be counted to the extent it is challenged by the objection, unless such claim is temporarily allowed by the Bankruptcy Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after the creditor files a motion for such temporary allowance (the "Claims Estimation Motion").

15.    If a creditor seeks to have its claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such creditor shall file a Claims Estimation Motion by the later of (i) the Voting Objection Deadline, or (ii) if such claim is the subject of an objection or a Determination Motion, seven (7) days after the filing of the applicable objection or Determination Motion.

16.    In the Event that a Determination Motion or Claims Estimation Motion is filed, the non-moving party shall file a reply to such motion by the later of (i) the Voting Objection Deadline, or (ii) seven (7) days after the filing of the applicable motion (the "Voting Objection Reply Deadline"), and a hearing, subject to the Bankruptcy Court's availability, shall be scheduled within seven (7) days of the Voting Objection Reply Deadline but in no event later than the Confirmation Hearing.  The ruling by the Bankruptcy Court on any Determination Motion or Claims Estimation Motion shall be considered a ruling with respect to the allowance

of the claim(s) under Bankruptcy Rule 3018 and such claim(s) will be counted, for voting purposes only, in the amount determined by the Bankruptcy Court.

17.    In the event that a claimant reaches an agreement with the Debtors, in consultation with the Committee, as to the treatment of its claim for voting purposes, the claim may be treated in such manner subject to providing three (3) business days' notice to the Office of the U.S. Bankruptcy Administrator.

18.    The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a)    For purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code and based on the reasonable efforts of the Administrative Agent, separate claims held by a single creditor in a particular class will be aggregated as if such creditor held one claim against the Debtors in such class, and the votes related to such claims will be treated as a single vote to accept or reject the Plan.

b)    Any creditor who holds duplicate claims within the same class shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims.

c)    Creditors must vote all of their claims within a particular class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan will not be counted.

d)    Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

e)    Only Ballots that are timely received with signatures will be counted. Unsigned Ballots will not be counted.

f)    Ballots sent by mail or overnight delivery that are postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

g)     Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

h)     Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court may be accepted by the Debtors, in consultation with the Committee, on a case-by-case basis.

i)     Whenever a creditor casts more than one Ballot voting the same claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior received Ballots.

j)     If a creditor simultaneously casts inconsistent duplicate Ballots with respect to the same claim, such Ballots shall not be counted.

k)     Each creditor shall be deemed to have voted the full amount of its claim in a class.  Unless otherwise ordered by the Bankruptcy Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Administrative Agent and the Debtors, which determination shall be final and binding.

l)     Any Ballot containing a vote that the Bankruptcy Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

m)     Any Ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan shall not be counted.

n)     Notwithstanding anything contained herein to the contrary, the Administrative Agent, in its discretion, may contact parties that submitted Ballots to cure any defects in the Ballots.

o)     Any class that does not contain any claim eligible to vote to accept or reject the Plan (by reason of temporary allowance by the Bankruptcy Court or otherwise) as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

p)     If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

q)     Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors or the

Bankruptcy Court determines.  Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall any incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) shall not be counted.

r)      The Debtors, in consultation with the Committee, and subject to contrary order of the Bankruptcy Court, may waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice, and any such waivers shall be documented in the voting results filed with the Bankruptcy Court.

s)      Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in consultation with the Committee, reject such Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan by the Bankruptcy Court; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

t)      Subject to contrary order of the Bankruptcy Court, the Debtors, in consultation with the Committee, reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors, in consultation with the Committee, not be in accordance with the provisions of the Bankruptcy Code; provided, however, that such invalid Ballots shall be documented in the voting results filed with the Bankruptcy Court.

19.    The Confirmation Hearing Notice and Notice of Non-Voting Status and Confirmation Hearing are approved.

20.    No later than **4:00 p.m. Eastern Daylight Time on April 29, 2021** (one week prior to the Confirmation Hearing), the Administrative Agent shall file with the Bankruptcy Court a tabulation report for Plan voting and the Debtors shall file with the Bankruptcy Court a proposed form of confirmation order, a declaration in support of confirmation addressing the requirements of section 1129(a) of the Bankruptcy Code, and replies to any objections received by the Confirmation Objection Deadline.

21.     The Confirmation Hearing will be held at **9:30 a.m. (Eastern Daylight Time) on May 6, 2021**; provided, however, that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than an announcement at or before the Confirmation Hearing or any adjourned Confirmation Hearing or the filing of a notice or a hearing agenda providing for the adjournment on the docket of the Chapter 11 Cases.

22.     The Debtors shall mail to all creditors a copy of the Confirmation Hearing Notice or Notice of Non-Voting Status and Confirmation Hearing by First Class Mail, as set forth herein.

23.     The Debtors shall also publish the Confirmation Hearing Notice once, as soon as reasonably practical after entry of this Order, in *The Courier-Tribune*.

24.     Any objection, comment, or response to confirmation of the Plan (including any supporting memoranda) must:

　　　a)     be in writing;

　　　b)     comply with the Bankruptcy Rules and the Local Rules;

　　　c)     set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtor;

　　　d)     state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and

　　　e)     be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following parties no later than **April 22, 2021 at 4:00 p.m. (Eastern Daylight Time)** which deadline may be extended by the Debtor in its sole discretion (the "Confirmation Objection Deadline"): (a) counsel to the Debtors, Hendren, Redwine and Malone, PPLC, 4600 Marriott Drive, Suite 150, Raleigh, NC 27612, ATTN: Rebecca F. Redwine; Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, Columbia, SC 29201, ATTN: Jody A. Bedenbaugh; (b) the Bankruptcy Administrator for the Middle District of North Carolina; (c) the Official Committee of Unsecured Creditors, c/o Andrew H. Sherman, One Riverfront Plaza Newark, NJ 07102, and Rayford K. Adams, III, 110 Oakwood Drive, Suite 500, Winston-Salem,

NC  27103; (d) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and (f) Bank of America, c/o McGuire Woods, LLP, Attn: Scott Vaughn, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202 (collectively, the "Notice Parties").

25.    Objections to the confirmation of the Plan not timely filed and served in the manner set forth above shall not be considered by the Bankruptcy Court and shall be overruled.

26.    Unless the Bankruptcy Court sets a later deadline, the Debtors and any other party supporting the Plan shall be afforded an opportunity to file a response to any objection to the confirmation of the Plan, which shall be filed by **4:00 p.m. (Eastern Daylight Time) on April 29, 2021**.

27.    The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Bankruptcy Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

28.    The Debtors, in consultation with the Committee, are authorized to make nonsubstantive changes to the Disclosure Statement, Plan, Ballot, Confirmation Hearing Notice, Notice of Non-Voting Status and Confirmation Hearing, and related documents without further order of the Bankruptcy Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their distribution.

29.    The Bankruptcy Court shall retain jurisdiction with respect to all matters related to this Order.

## **EXHIBIT 1**

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT, (II) DEADLINE FOR VOTING ON THE PLAN, (III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**APPROVAL OF DISCLOSURE STATEMENT**

1.     By Order dated [*], 2021 (the "Disclosure Statement Order") [Docket No. *], the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court") (a) approved the *Disclosure Statement for Joint Plan of  Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") [Docket No. 679] filed by Randolph Hospital, Inc. d/b/a Randolph Health and its Debtor affiliates (the "Debtors") as containing adequate information within the meaning of Section 1125 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and (b) authorized the Debtors to solicit votes to accept or reject the *Joint Plan Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Plan") [Docket No. 678], attached as Exhibit A to the Disclosure Statement. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN PLAN**

2.     ARTICLE 11 OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS THEREIN, AS YOUR RIGHTS MAY BE AFFECTED.

3.     **Article 11.7 of the Plan contains the following injunction:**

**Except as otherwise provided in the Plan or Confirmation Order, as of the Effective Date, to the extent of the releases, exculpations, and limitations of liability set forth in this Article 11, all Persons are permanently enjoined from taking any of the following actions against the Released Parties or any of their respective successors or assigns, or any of their respective assets or properties, on account of any claim or Cause of Action: (1) commencing or continuing in any manner any action or other proceeding with respect to any claim or Cause of Action; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to any claim or Cause of Action; (3) creating, perfecting or enforcing any lien or encumbrance with respect to any claim or Cause of Action; or (4) commencing or continuing any action that does not comply with or is**

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

**inconsistent with the Plan; provided, however, nothing in this injunction shall preclude the holder of a Claim from pursing any available insurance or from seeking discovery in actions against third parties.**

4.        **Article 11.5 of the Plan contains the following exculpation:**

The Exculpated Parties shall not have nor shall they incur any liability to any Person for any act taken or omission made in connection with or in any way related to negotiating, formulating, implementing, confirming, consummating or administering the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with or related to the Plan or the Chapter 11 Cases, including, without limitation, relating to the powers and duties conferred upon the Exculpated Parties by the Plan, or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or any other act taken or omission made in connection with the Chapter 11 Cases; provided that the foregoing provisions of this Section shall have no effect on the liability of any Exculpated Parties that results from any act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.

5.        **Article 11.3 of the Plan contains the following releases by the Debtor:**

            Pursuant to Section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in this Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by this Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Liquidation Trust, the Liquidation Trustee, and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, the Debtor(s), the Estates or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person or other entity that constitutes property of the Debtors' Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Debtors' Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence.

6.        **Article 11.4 the Plan contains the following releases by Holders of Claims:**

            **As of the Effective Date and except as set forth in this Plan, each holder of a Claim or Interest who has voted to accept this Plan and failed to mark its ballots as opting out of the release set forth in this Section 11.4 shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims  and Interests before or during the Chapter 11 Cases, or**

**the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence. No provision of this Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Person other than the applicable Released Parties, Exculpated Parties, or Persons whose liability is expressly limited, including without limitation, any Person that is a co-obligor, guarantor or joint tortfeasor of a Released Party or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability**.

7.      **Article 11.14 of the Plan contains the following Injunction:**

Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays in effect in the Chapter 11 Cases pursuant to Sections 105 or 362 of the Bankruptcy Code or any Final Order and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Chapter 11 Cases are closed. All injunctions or stays contained in the Plan or Confirmation Order shall remain in full force and effect in accordance with their terms.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

| SUMMARY OF STATUS, TREATMENT AND VOTING RIGHTS | | | |
|---|---|---|---|
| Class | Status | Voting Rights | Plan Treatment of Class |
| 1 | Secured Tax Claims | None | Cash payment in an amount equal to the Allowed Secured Tax Claim. |
| 2 | Priority Non-Tax Claims | None | Cash payment in an amount equal to the Allowed Priority Non-Tax Claim. |
| 3 | Secured Term Loan Claim | None | Subject to the Challenge Rights, in full and final satisfaction, settlement, and release of, and exchange for, any Allowed Secured Term Loan Claim, the holder of any Allowed Secured Term Loan Claim shall be paid: (i) the proceeds from the sale of the Real Property Collateral securing the Secured Term Loan Claim in an amount equal to the value of the Term Lender's interest in the Real Property Collateral and (ii) the net proceeds of Accounts from patient services rendered prior to the closing of the Sale Transaction. |
| 4 | Other Secured Claims | None | To the extent any Other Secured Claims exists, each holder of an Allowed Other Secured Claim shall, in full and final satisfaction, settlement, and release of, and exchange for, such Other Secured Claim, receive on the Effective Date in full satisfaction of the Secured Claim: (i) the proceeds from the Sale Transaction in an amount equal to the value of the holder's interest in the collateral securing such Claim or (ii) the Debtors will surrender the Collateral securing the Allowed Other Secured Claim to the holder. |

| SUMMARY OF STATUS, TREATMENT AND VOTING RIGHTS | | | |
|---|---|---|---|
| Class | Status | Voting Rights | Plan Treatment of Class |
| 5 | General Unsecured Claims | Entitled to vote | Unless otherwise agreed by the applicable holder of an Allowed Claim in this Class to accept different and less favorable treatment, each holder of an Allowed General Unsecured Claim shall be entitled to receive such holder's Pro Rata Share of Cash available from the liquidation or disposition of the Remaining Assets after payment of or reserve for Allowed Claims which are secured or senior in priority to General Unsecured Claims on the later of: (a) the date or dates determined by the Liquidation Trustee, to the extent there is Cash available for distribution in the judgment of the Liquidation Trustee, having due regard the anticipated and actual expenses, the likelihood and timing of the process of liquidating; and (b) the date on which there is a Final Order allowing such Claim |
| 6 | Medical Malpractice Claims | Entitled to vote | Holders of Medical Malpractice Claims shall, in full and final satisfaction, settlement, and release of, and exchange for, such Claims be granted relief from the automatic stay provided by Bankruptcy Code Section 362 and any stay or injunction provided for under the Plan or the Confirmation Order to pursue payment of their Medical Malpractice Claims from applicable Insurance Policies.  To the extent such claims are Allowed, recovery on account of such Claims shall be limited to any available proceeds of such Insurance Policies. Holders of Medical Malpractice Claims shall not receive any Cash distribution from the Liquidation Trust or otherwise under the Plan on account of such Claims. |

## CONFIRMATION HEARING

8.      On **May 6, 2021 at 9:30 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard, a hearing (the "Confirmation Hearing") will be held before the Honorable Lena M. James at the United States Bankruptcy Court for the Middle District of North Carolina, 101 S. Edgeworth St., Greensboro, NC 27401 to consider (i) confirmation of the Plan, as the same may be amended or modified; and (ii) such other and further relief as may be just and appropriate.  The Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof, or an appropriate filing with the Bankruptcy Court.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

9.      Objections, if any, to confirmation of the Plan, including any supporting memoranda, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtors; (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following no later than **April 22, 2021 at 4:00 p.m.  (Eastern Daylight Time)** which deadline may be extended by the Debtor in consultation with the Committee (the "Confirmation Objection Deadline"): (a) counsel to the Debtors, Hendren, Redwine and Malone, PPLC, 4600 Marriott Drive, Suite 150, Raleigh, NC

27612, ATTN: Rebecca F. Redwine; Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, Columbia, SC 29201, ATTN: Jody A. Bedenbaugh; (b) the Bankruptcy Administrator for the Middle District of North Carolina; (c) the Official Committee of Unsecured Creditors, c/o Andrew H. Sherman, One Riverfront Plaza Newark, NJ 07102, and Rayford K. Adams, III, 110 Oakwood Drive, Suite 500,Winston-Salem, NC 27103; (d) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and (f) Bank of America, c/o McGuire Woods, LLP, Attn: Scott Vaughn, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202.

## ACCESS TO DOCUMENTS AND OTHER QUESTIONS

10.     Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement may be obtained by writing to the Debtor's Administrative Agent, Epiq Corporate Restructuring, LLC, at

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Correspondence sent by hand delivery or overnight mail should be sent to:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Additionally, copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available for inspection and may be obtained on the Administrative Agent's website[2] and the Bankruptcy Court's website[3].

[signature page below]

---

[2] https://dm.epiq11.com/case/randolphhospital/info.
[3] http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

**HENDREN, REDWINE & MALONE, PLLC**
s/Rebecca F. Redwine
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 37012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 420-7867
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jody A. Bedenbaugh D.S.C. ID No. 9210
Graham S. Mitchell D.S.C. ID No. 11763
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
Jody.Bedenbaugh@nelsonmullins.com
graham.mitchell@nelsonmullins.com
CO-COUNSEL FOR THE DEBTORS-IN-POSSESSION

## **EXHIBIT 2**

**Proposed Forms of Ballot**

**Class 5 (General Unsecured Claims)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**BALLOT FOR VOTING
TO ACCEPT OR REJECT THE JOINT
PLAN OF LIQUIDATION**

_____

**CLASS 5– General Unsecured Claims**

_____

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS APRIL 1, 2021 AT 4:00 P.M. (EASTERN DAYLIGHT TIME).**
>
> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Joint Plan of Liquidation* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Plan</u>") [Docket No. 678, submitted by the debtors-in-possession in the above-captioned case (the "<u>Debtors</u>") and described in the related disclosure statement (the "<u>Disclosure Statement</u>") [Docket No. 679] conditionally approved by order of the United States Bankruptcy Court for the Middle District of North Carolina (the "<u>Bankruptcy Court</u>") entered on [*] [Docket No. *] (the "<u>Disclosure Statement Order</u>").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement may be obtained by writing to the Debtor's Administrative Agent, Epiq Corporate Restructuring, LLC, at

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Correspondence sent by hand delivery or overnight mail should be sent to:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Additionally, copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available for inspection and may be obtained on the Administrative Agent's website[2] and the Bankruptcy Court's website[3].

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is **received** by the deadline indicated above:

<u>By U.S. First Class mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

<u>Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court will not be accepted except at the Debtors' election in consultation with the Committee.</u>

---

[2] https://dm.epiq11.com/case/randolphhospital/info.
[3] http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE COMPLETE ITEMS 1 AND 3. ITEM 2 IS OPTIONAL.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST.

---

**Item 1. Class Vote.**  The undersigned, a holder of a Class 5 General Unsecured Claim indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐     **Accept** the Plan.                    ☐     **Reject** the Plan.

Voting Amount:  $ _____[4]

**If you have checked the "Accept the Plan" box above, you can elect to opt out of the releases contained in Article 11.4 of the Plan by checking the box in Item 2 below.**

**If you have not checked the "Accept the Plan" box above, you will be deemed not to consent to the releases contained in Article 11.4 of the Plan.**

**Item 2 (Optional).  Release Disclosure and Election.  COMPLETE THIS ITEM 2 ONLY IF YOU CHOOSE TO OPT OUT OF THE RELEASES IN THE PLAN.**

Article 11.4 of the Plan includes a release from the Debtors' creditors in favor of certain Released Parties (as defined in the Plan) to the fullest extent permitted by applicable law (the "Article 11.4 Release").  As a creditor of the Debtors, you should read Article 11.4 of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.  If you have checked the "Accept the Plan" box above, you should check the box below if you **do not consent** to the Article 11.4 Release notwithstanding your acceptance of the Plan.  If you have not checked the "Accept the Plan" box above, you will be deemed not to have consented to the Article 11.4 Release.

☐     **The undersigned <u>does not consent</u> to the Section Article 11.4 Release.**

**Item 3.   Acknowledgments.**   By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____

---

[4] For voting purposes only, subject to tabulation rules.

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

**I.        In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.**  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to the Administrative Agent by <u>ONLY ONE</u> of the following approved return methods:

<div style="border:1px solid black">

<u>By U.S. First Class mail:</u>
Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>
Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

</div>

        **Ballots must be *received* by the Administrative Agent on or before April 1, 2021 at 4:00 p.m. (Eastern Daylight Time)** (the "<u>Voting Deadline</u>").  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion in consultation with the Committee.  An envelope addressed to the Administrative Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  <u>Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court will not be accepted except at the Debtors' election in consultation with the Committee.</u>  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

**II.**        You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

**III.**        Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "<u>Tabulation Rules</u>").  The Tabulation Rules are set forth in the Disclosure Statement Order.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors and the Committee in any other context (*e.g.*, the right of the Debtors or the committee to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **March 31, 2021 at 4:00 p.m. (Eastern Daylight Time)** (the "<u>Voting Objection Deadline</u>"); <u>provided</u>, that if your Claim is the subject of a Determination Motion you shall have until the later of (i) the Voting Objection Deadline or (ii) 7 days after the filing of such Determination Motion to file a response to such Determination Motion.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

**IV.**        The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim.

**V.**        If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

**VI.**     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**VII.**    PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE COURT EXCEPT AT THE DEBTORS' ELECTION IN CONSULTATION WITH THE COMMITTEE.

**VIII.**   IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE ADMINISTRATIVE AGENT AT

<u>By U.S. First Class mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

DO NOT CONTACT THE ADMINISTRATIVE AGENT FOR LEGAL ADVICE.  THE ADMINISTRATIVE AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

**<u>NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN</u>**

**IX.**     PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

**Article 11.4 of the Plan contains the following releases by Holders of Claims:**

**<u>As of the Effective Date and except as set forth in this Plan, each holder of a Claim or Interest who has voted to accept this Plan and failed to mark its ballots as opting out of the release set forth in this Section 11.4 shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims  and Interests before or during the Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or</u>**

2

**omission of that party constituting willful misconduct or gross negligence. No provision of this Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Person other than the applicable Released Parties, Exculpated Parties, or Persons whose liability is expressly limited, including without limitation, any Person that is a co-obligor, guarantor or joint tortfeasor of a Released Party or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE 11 OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**Class 6 (Medical Malpractice Claims)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**BALLOT FOR VOTING
TO ACCEPT OR REJECT THE JOINT
PLAN OF LIQUIDATION**

_____

**CLASS 6– Medical Malpractice Claims**

_____

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS APRIL 1, 2021 AT 4:00 P.M. (EASTERN DAYLIGHT TIME).**
>
> **YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the *Joint Plan of Liquidation* (including all exhibits thereto and as amended, modified or supplemented from time to time, the "<u>Plan</u>") [Docket No. 678], submitted by the debtors-in-possession in the above-captioned case (the "<u>Debtors</u>") and described in the related disclosure statement (the "<u>Disclosure Statement</u>") [Docket No. 679] conditionally approved by order of the United States Bankruptcy Court for the Middle District of North Carolina (the "<u>Bankruptcy Court</u>") entered on [*] [Docket No. *] (the "<u>Disclosure Statement Order</u>").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement may be obtained by writing to the Debtor's Administrative Agent, Epiq Corporate Restructuring, LLC, at

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Correspondence sent by hand delivery or overnight mail should be sent to:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Additionally, copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available for inspection and may be obtained on the Administrative Agent's website[2] and the Bankruptcy Court's website[3].

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

5

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined have the meanings given to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class to vote on the Plan and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.

To have your vote counted, you must complete, sign, and return this Ballot to the following address so that it is **received** by the deadline indicated above:

<u>By U.S. First Class mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

<u>Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court will not be accepted except at the Debtors' election in consultation with the Committee.</u>

---

[2] https://dm.epiq11.com/case/randolphhospital/info.
[3] http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMs 1 AND 3. ITEM 2 IS OPTIONAL.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR NOT COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.**  The undersigned, a holder of a Class 6 Medical Malpractice Claim indicated below, in the voting amount set forth below, votes to (check <u>one</u> box only):

☐ **Accept** the Plan.   ☐ **Reject** the Plan.

Voting Amount:  $ _____ [4]

**If you have checked the "Accept the Plan" box above, you can elect to opt out of the releases contained in Article 11.4 of the Plan by checking the box in Item 2 below.**

**If you have not checked the "Accept the Plan" box above, you will be deemed not to consent to the releases contained in Article 11.4 of the Plan.**

**Item 2 (Optional).  Release Disclosure and Election.  COMPLETE THIS ITEM 2 ONLY IF YOU CHOOSE TO OPT OUT OF THE RELEASES IN THE PLAN.**

Article 11.4 of the Plan includes a release from the Debtors' creditors in favor of certain Released Parties (as defined in the Plan) to the fullest extent permitted by applicable law (the "Article 11.4 Release").  As a creditor of the Debtors, you should read Article 11.4 of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.  If you have checked the "Accept the Plan" box above, you should check the box below if you **<u>do not consent</u>** to the Article 11.4 Release notwithstanding your acceptance of the Plan.  If you have not checked the "Accept the Plan" box above, you will be deemed not to have consented to the Article 11.4 Release.

☐ **The undersigned <u>does not consent</u> to the Section Article 11.4 Release.**

**Item 3.   Acknowledgments.**   By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____

---

[4] For voting purposes only, subject to tabulation rules.

7

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

**X.**     **In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan.**  Complete the Ballot by providing all the information requested and sign, date and return the Ballot to the Administrative Agent by <u>ONLY ONE</u> of the following approved return methods:

<div style="border:1px solid">

<u>By U.S. First Class mail:</u>
Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>
Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

</div>

         **Ballots must be *received* by the Administrative Agent on or before April 1, 2021 at 4:00 p.m. (Eastern Daylight Time)** (the "<u>Voting Deadline</u>").  If a Ballot is received after the Voting Deadline, it will not be counted (even if post-marked prior to the Voting Deadline), except in the Debtors' discretion in consultation with the Committee.  An envelope addressed to the Administrative Agent is enclosed for your convenience (which address may differ from the address provided in the box above).  <u>Ballots transmitted to the Administrative Agent by facsimile, electronic mail, or other means not specifically approved by the Bankruptcy Court will not be accepted except at the Debtors' election in consultation with the Committee.</u>  If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

**XI.**     You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  Further, inconsistent duplicate Ballots with respect to the same claim shall not be counted.

**XII.**     Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "<u>Tabulation Rules</u>").  The Tabulation Rules are set forth in the Disclosure Statement Order.  The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors and the Committee in any other context (*e.g.*, the right of the Debtors or the committee to contest the amount or validity of any Claim for purposes of allowance under the Plan).  If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than **March 31, 2021 at 4:00 p.m. (Eastern Daylight Time)** (the "<u>Voting Objection Deadline</u>"); <u>provided</u>, that if your Claim is the subject of a Determination Motion you shall have until the later of (i) the Voting Objection Deadline or (ii) 7 days after the filing of such Determination Motion to file a response to such Determination Motion.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot.

**XIII.**     The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim.

**XIV.**     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

**XV.**    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**XVI.**    PLEASE RETURN YOUR BALLOT PROMPTLY.  THE BALLOTING AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE, E-MAIL, OR OTHER MEANS NOT SPECIFICALLY APPROVED BY THE COURT EXCEPT AT THE DEBTORS' ELECTION IN CONSULTATION WITH THE COMMITTEE.

**XVII.**    IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE ADMINISTRATIVE AGENT AT

<u>By U.S. First Class mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

<u>By hand delivery or overnight mail:</u>

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

DO NOT CONTACT THE ADMINISTRATIVE AGENT FOR LEGAL ADVICE.  THE ADMINISTRATIVE AGENT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

<u>**NOTICE REGARDING CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS IN THE PLAN**</u>

**XVIII.**    PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, INCLUDING:

**Article 11.4 of the Plan contains the following releases by Holders of Claims:**

<u>**As of the Effective Date and except as set forth in this Plan, each holder of a Claim or Interest who has voted to accept this Plan and failed to mark its ballots as opting out of the release set forth in this Section 11.4 shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims  and Interests before or during the Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or**</u>

**omission of that party constituting willful misconduct or gross negligence. No provision of this Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Person other than the applicable Released Parties, Exculpated Parties, or Persons whose liability is expressly limited, including without limitation, any Person that is a co-obligor, guarantor or joint tortfeasor of a Released Party or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.**

**OTHER RELEASE, EXCULPATION AND INJUNCTION PROVISIONS ARE FOUND IN ARTICLE 11 OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**<u>EXHIBIT 3</u>**

**Notice of Non-Voting Status and Confirmation Hearing**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | CASE NO.  20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph | ) | |
| Health, | ) | CHAPTER  11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |

**NOTICE OF (I) APPROVAL OF THE DISCLOSURE STATEMENT, (II) NON-VOTING STATUS AND NON-DEBTOR RELEASE CONSENT, (III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**
_____

**PLEASE TAKE NOTICE OF THE FOLLOWING:**
**APPROVAL OF DISCLOSURE STATEMENT**

1.      By Order dated [*], 2021 (the "Disclosure Statement Order") [Docket No. *], the United States Bankruptcy Court for the Middle District of North Carolina (the "Bankruptcy Court") (a) approved the *Disclosure Statement for Joint Plan of  Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Disclosure Statement") [Docket No. 679] filed by Randolph Hospital, Inc. d/b/a Randolph Health and its Debtor affiliates (the "Debtors") as containing adequate information within the meaning of Section 1125 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and (b) authorized the Debtors to solicit votes to accept or reject the *Joint Plan Liquidation* (including all exhibits thereto and as amended, modified, or supplemented from time to time, the "Plan") [Docket No. 678], attached as Exhibit A to the Disclosure Statement. All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.      UNDER THE TERMS OF THE PLAN, HOLDERS OF CLASS 1 SECURED TAX CLAIMS, CLASS 2 PRIORITY NON-TAX CLAIMS, CLASS  3 SECURED TERM LOAN CLAIM AND CLASS 4 OTHER SECURED CLAIMS ARE NOT IMPAIRED AND, ACCORDINGLY, ARE (I) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN (TO THE EXTENT SUCH CLAIMS ARE CLASSIFIED), AND (II) NOT ENTITLED TO VOTE ON THE PLAN ON ACCOUNT OF SUCH CLAIMS.

3.      **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS HOLDING A CLAIM IDENTIFIED ABOVE THAT DOES NOT ENTITLE A HOLDER TO VOTE ON THE PLAN.**

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN PLAN**

4.      ARTICLE 11 OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.  YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS THEREIN, AS YOUR RIGHTS MAY BE AFFECTED.

5.      **Article 11.7 of the Plan contains the following injunction:**

**Except as otherwise provided in the Plan or Confirmation Order, as of the Effective Date, to the extent of the releases, exculpations, and limitations of liability set forth in this Article 11,**

_____

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

5

**all Persons are permanently enjoined from taking any of the following actions against the Released Parties or any of their respective successors or assigns, or any of their respective assets or properties, on account of any claim or Cause of Action: (1) commencing or continuing in any manner any action or other proceeding with respect to any claim or Cause of Action; (2) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order with respect to any claim or Cause of Action; (3) creating, perfecting or enforcing any lien or encumbrance with respect to any claim or Cause of Action; or (4) commencing or continuing any action that does not comply with or is inconsistent with the Plan; provided, however, nothing in this injunction shall preclude the holder of a Claim from pursing any available insurance or from seeking discovery in actions against third parties.**

6.     **Article 11.5 of the Plan contains the following exculpation:**

The Exculpated Parties shall not have nor shall they incur any liability to any Person for any act taken or omission made in connection with or in any way related to negotiating, formulating, implementing, confirming, consummating or administering the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with or related to the Plan or the Chapter 11 Cases, including, without limitation, relating to the powers and duties conferred upon the Exculpated Parties by the Plan, or any order of the Bankruptcy Court entered pursuant to or in furtherance of the Plan, or any other act taken or omission made in connection with the Chapter 11 Cases; provided that the foregoing provisions of this Section 11.5 shall have no effect on the liability of any Exculpated Parties that results from any act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct.

7.     **Article 11.3 of the Plan contains the following releases by the Debtors:**

Pursuant to Section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in this Plan, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by this Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, the Liquidation Trust, the Liquidation Trustee, and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtors, the Estates or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person or other entity that constitutes property of the Debtors' Estates, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Debtors' Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence.

8.     **Article 11.4 of the Plan contains the following releases by Holders of Claims:**

**As of the Effective Date and except as set forth in this Plan, each holder of a Claim or Interest who has voted to accept this Plan and failed to mark its ballots as opting out of the release set forth in this Section 11.4 shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law,**

**equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence. No provision of this Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Person other than the applicable Released Parties, Exculpated Parties, or Persons whose liability is expressly limited, including without limitation, any Person that is a co-obligor, guarantor or joint tortfeasor of a Released Party or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.**

9.      **Article 11.14 of the Plan contains the following Injunction:**

Unless otherwise provided in the Plan or the Confirmation Order, all injunctions and stays in effect in the Chapter 11 Cases pursuant to Sections 105 or 362 of the Bankruptcy Code or any Final Order and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or Confirmation Order shall remain in full force and effect in accordance with their terms.

<u>**OPT-OUT ELECTION FOR HOLDERS OF CLAIMS IN CLASS 1, CLASS 2, CLASS 3 AND CLASS 4**</u>

10.      **Release Disclosure and Election**. As set forth above, Article 11.4 of the Plan includes a release from the Debtors' creditors in favor of certain Released Parties (as defined in the Plan) to the fullest extent permitted by applicable law (the "Article 11.4 Release"). As a creditor of the Debtors, you should read Article 11.4 of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties.

11.      PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO COMPLETE AND RETURN THE ATTACHED FORM INDICATING THAT YOU DO NOT CONSENT TO THE ARTICLE 11.4 RELEASE TO THE DEBTORS' ADMINISTRATIVE AGENT SO THAT IT IS **ACTUALLY** <u>**RECEIVED**</u> BY **APRIL 1, 2021 AT 4:00 P.M. (EASTERN DAYLIGHT TIME),** UPON THE BANKRUPTCY COURT'S APPROVAL AND CONFIRMATION OF THE PLAN YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES CONTAINED IN ARTICLE 11.4 OF THE PLAN.

12.      FORMS SHOULD BE RETURNED TO THE FOLLOWING ADDRESS:

By U.S. First Class mail:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

By hand delivery or overnight mail:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

| | | | |
|---|---|---|---|
| **SUMMARY OF STATUS, TREATMENT AND VOTING RIGHTS** | | | |
| **Class** | **Status** | **Voting Rights** | **Plan Treatment of Class** |
| 1 | Secured Tax Claims | None | Cash payment in an amount equal to the Allowed Secured Tax Claim. |
| 2 | Priority Non-Tax Claims | None | Cash payment in an amount equal to the Allowed Priority Non-Tax Claim. |
| 3 | Secured Term Loan Claim | None | Subject to the Challenge Rights, in full and final satisfaction, settlement, and release of, and exchange for, any Allowed Secured Term Loan Claim, the holder of any Allowed Secured Term Loan Claim shall be paid: (i) the proceeds from the sale of the Real Property Collateral securing the Secured Term Loan Claim in an amount equal to the value of the Term Lender's interest in the Real Property Collateral and (ii) the net proceeds of Accounts from patient services rendered prior to the closing of the Sale Transaction. |
| 4 | Other Secured Claims | None | To the extent any Other Secured Claims exists, each holder of an Allowed Other Secured Claim shall, in full and final satisfaction, settlement, and release of, and exchange for, such Other Secured Claim, receive on the Effective Date in full satisfaction of the Secured Claim: (i) the proceeds from the Sale Transaction in an amount equal to the value of the holder's interest in the collateral securing such Claim or (ii) the Debtors will surrender the Collateral securing the Allowed Other Secured Claim to the holder. |
| 5 | General Unsecured Claims | Entitled to vote | Unless otherwise agreed by the applicable holder of an Allowed Claim in this Class to accept different and less favorable treatment, each holder of an Allowed General Unsecured Claim shall be entitled to receive such holder's Pro Rata Share of Cash available from the liquidation or disposition of the Remaining Assets after payment of or reserve for Allowed Claims which are secured or senior in priority to General Unsecured Claims on the later of: (a) the date or dates determined by the Liquidation Trustee, to the extent there is Cash available for distribution in the judgment of the Liquidation Trustee, having due regard the anticipated and actual expenses, the likelihood and timing of the process of liquidating; and (b) the date on which there is a Final Order allowing such Claim |

| | | | SUMMARY OF STATUS, TREATMENT AND VOTING RIGHTS | |
|---|---|---|---|
| **Class** | **Status** | **Voting Rights** | **Plan Treatment of Class** |
| 6 | Medical Malpractice Claims | Entitled to vote | Holders of Medical Malpractice Claims shall, in full and final satisfaction, settlement, and release of, and exchange for, such Claims be granted relief from the automatic stay provided by Bankruptcy Code Section 362 and any stay or injunction provided for under the Plan or the Confirmation Order to pursue payment of their Medical Malpractice Claims from applicable Insurance Policies.  To the extent such claims are Allowed, recovery on account of such Claims shall be limited to any available proceeds of such Insurance Policies. Holders of Medical Malpractice Claims shall not receive any Cash distribution from the Liquidation Trust or otherwise under the Plan on account of such Claims. |

## CONFIRMATION HEARING

13.      On **May 6, 2021 at 9:30 a.m. (Eastern Daylight Time)**, or as soon thereafter as counsel may be heard, a hearing (the "Confirmation Hearing") will be held before the Honorable Lena M. James at the United States Bankruptcy Court for the Middle District of North Carolina, 101 S. Edgeworth St., Greensboro, NC 27401 to consider (i) confirmation of the Plan, as the same may be amended or modified; and (ii) such other and further relief as may be just and appropriate.  The Confirmation Hearing may be adjourned from time to time without further notice to creditors or other parties in interest, other than by an announcement of such an adjournment in open court at the Confirmation Hearing or any adjournment thereof, or an appropriate filing with the Bankruptcy Court.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan, and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

14.      Objections, if any, to confirmation of the Plan, including any supporting memoranda, must: (i) be in writing; (ii) comply with the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objector and the nature and amount of any Claim asserted by the objector against or in the Debtors; (iv) state with particularity the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Bankruptcy Court, together with proof of service, and served so that they are actually received by the following no later than **April 22, 2021 at 4:00 p.m.  (Eastern Daylight Time)** which deadline may be extended by the Debtor in consultation with the Committee (the "Confirmation Objection Deadline"): (a) counsel to the Debtors, Hendren, Redwine and Malone, PPLC, 4600 Marriott Drive, Suite 150, Raleigh, NC 27612, ATTN: Rebecca F. Redwine; Nelson Mullins Riley & Scarborough LLP, 1320 Main Street, Columbia, SC 29201, ATTN: Jody A. Bedenbaugh; (b) the Bankruptcy Administrator for the Middle District of North Carolina; (c) the Official Committee of Unsecured Creditors, c/o Andrew H. Sherman, One Riverfront Plaza Newark, NJ 07102, and Rayford K. Adams, III, 110 Oakwood Drive, Suite 500,Winston-Salem, NC  27103; (d) those persons who have formally appeared in the Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; (e) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and (f) Bank of America, c/o McGuire Woods, LLP, Attn: Scott Vaughn, 201 North Tryon Street, Suite 3000, Charlotte, NC 28202.

## ACCESS TO DOCUMENTS AND OTHER QUESTIONS

15.      Copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement may be obtained by writing to the Debtor's Administrative Agent, Epiq Corporate Restructuring, LLC, at

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Correspondence sent by hand delivery or overnight mail should be sent to:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

Additionally, copies of the Disclosure Statement Order, the Plan, and the Disclosure Statement are available for inspection and may be obtained on the Administrative Agent's website[2] and the Bankruptcy Court's website[3].

**HENDREN, REDWINE & MALONE, PLLC**
s/Rebecca F. Redwine
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 37012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 420-7867
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Jody A. Bedenbaugh D.S.C. ID No. 9210
Graham S. Mitchell D.S.C. ID No. 11763
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
Jody.Bedenbaugh@nelsonmullins.com
graham.mitchell@nelsonmullins.com
CO-COUNSEL FOR THE DEBTORS-IN-POSSESSION

---

[2] https://dm.epiq11.com/case/randolphhospital/info.
[3] http://www.ncmb.uscourts.gov/ (a PACER login and password are required to access documents on the Bankruptcy Court's website).

## ARTICLE 11.4 RELEASE OPT-OUT FOR HOLDERS OF CLAIMS IN CLASS 1, CLASS 2, CLASS 3 AND CLASS 4

**Article 11.4 Release Disclosure and Election**. Article 11.4 of the Plan includes the following release from the Debtors' creditors in favor of certain Released Parties (as defined in the Plan) to the fullest extent permitted by applicable law (the "Article 11.4 Release"):

**As of the Effective Date and except as set forth in this Plan, each holder of a Claim or Interest who has voted to accept this Plan and failed to mark its ballots as opting out of the release set forth in this Section 11.4 shall be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies and liabilities whatsoever, including any derivative Claims assertable on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Person would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the subject matter of, or the transactions or events giving rise to, any Claim that is treated in this Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, or the negotiation, formulation or preparation of the Sale Transaction, this Plan, the Disclosure Statement, any Plan Supplement or related agreements, instruments or other documents, other than Claims, Causes of Action, or liabilities arising out of or relating to any act or omission of that party constituting willful misconduct or gross negligence. No provision of this Plan, including without limitation, any release or exculpation provision, shall modify, release, or otherwise limit the liability of any Person other than the applicable Released Parties, Exculpated Parties, or Persons whose liability is expressly limited, including without limitation, any Person that is a co-obligor, guarantor or joint tortfeasor of a Released Party or Exculpated Party or that otherwise is liable under theories of vicarious or other derivative liability.**

As a creditor of the Debtors, you should read Article 11.4 of the Plan carefully as it affects your rights by releasing claims that you may hold against the Released Parties. You should check the box below if you **do not** consent to the Article 11.4 Release. If you fail to return this Election Form with the box set forth below checked by **April 1, 2021 at 4:00 p.m. (Eastern Daylight Time)**, you will be deemed to have consented to the Article 11.4 Release.

□  **The undersigned does not consent to the Article 11.4 Release.**

**Acknowledgments.** By signing this opt-out election, the undersigned certifies that the undersigned has the power and authority to elect whether to grant the Article 11.4 Release contained in Article 11.4 of the Plan.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____

11

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

THIS FORM SHOULD BE RETURNED BY ONLY ONE OF THE FOLLOWING METHODS:

<div style="border:1px solid black">

By U.S. First Class mail:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

By hand delivery or overnight mail:

Randolph Hospital, Inc. d/b/a Randolph Health Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

</div>

IF YOU FAIL TO TIMELY COMPLETE AND RETURN THIS ELECTION FORM INDICATING THAT YOU DO NOT CONSENT TO THE SECTION ARTICLE 11.4 RELEASE AS SET FORTH HEREIN, UPON THE BANKRUPTCY COURT'S APPROVAL AND CONFIRMATION OF THE PLAN YOU WILL BE DEEMED TO HAVE CONSENTED TO THE ARTICLE 11.4 RELEASE CONTAINED IN ARTICLE 11.4 OF THE PLAN.