UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | CASE NO. 20-10247 |
| Randolph Hospital, Inc. d/b/a Randolph ) | |
| Health, ) | CHAPTER 11 |
| ) | |
| Debtors.[1] ) | |
| ) | |

**OBJECTION OF RANDOLPH HEALTH LIQUIDATION TRUST TO
MEDTRONIC INC.'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES**

COMES NOW Randolph Health Liquidation Trust (the "Liquidation Trust"), by and through its undersigned counsel, and hereby files this objection to the Request for Payment of Administrative Expenses filed by Medtronic Inc. In support of this Objection, the Liquidation Trust respectfully show unto the Court the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Civil Rule 83.11, M.D.N.C.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On March 6, 2020 (the "Petition Date"), Randolph Hospital, Inc. d/b/a Randolph Health and certain of its affiliates ("Randolph" or the "Debtors") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the Middle District of North Carolina ("Court") commencing the above-captioned cases ("Chapter 11 Cases").

5. On August 13, 2021, the Debtors filed their Third Amended Joint Plan of Liquidation [DE# 954] (the "Plan"), which was confirmed on August 25, 2021 pursuant to the

---

[1] The Debtors are Randolph Hospital, Inc. d/b/a Randolph Health, Case No. 20-10247; Randolph Specialty Group Practice, Case No. 20-10248; and MRI of Asheboro, LLC d/b/a Randolph MRI Center, Case No. 20-10249.

1

Court's Findings of Fact, Conclusions of Law and Order Approving Debtors' Third Amended Joint Plan of Liquidation Date August 13, 2021 [DE# 973] (as confirmed, the "Confirmed Plan").

6. Pursuant to the Confirmed Plan, all Trust Assets vested in the Liquidation Trust as of the Effective Date, including without limitation the right to object to, challenge or otherwise contest any claim or to raise any legal or equitable defenses to any claim or cause of action asserted against the Debtors.

7. On October 5, 2021 Medtronic Inc., on behalf of itself and certain of its affiliates (collectively, "Medtronic"), filed a Request for Payment of Administrative Expenses [DE# 1022] (the "Request").

8. Pursuant to the Confirmed Plan, the Liquidation Trust has standing to object to, challenge or otherwise contest the Request, and/or to raise any legal or equitable defenses to the Request.

9. In the Request, to the extent not paid pursuant to the Confirmed Plan, Medtronic seeks entry of an Order allowing, approving and ordering payment of Medtronic's alleged administrative claims pursuant to 11 U.S.C. § 503(b)(9) in the total amount of $38,812.40, broken down more specifically as follows:

a) Invoice from MSD USA – Spine dated February 18, 2020 directed to Randolph Hospital, Inc. in the total amount of $2,597.95;

b) Invoice from MSD USA – Spine dated February 24, 2020 directed to Randolph Hospital, Inc. in the total amount of $8,297.95

c) Invoice from MSD USA – Spine dated February 24, 2020 directed to Randolph Hospital, Inc. in the total amount of $2,597.95;

d) Invoice from MSD USA – Spine dated February 25, 2020 directed to

Randolph Hospital, Inc. in the total amount of $3,252.00;

  e)  Invoice from MSD SpinalGraft Tech dated February 26, 2020 directed to Randolph Hospital, Inc. in the total amount of $399.00;

  f)  Invoice from MSD SpinalGraft Tech dated February 26, 2020 directed to Randolph Hospital, Inc. in the total amount of $744.00;

  g)  Invoice from MSD SpinalGraft Tech dated February 26, 2020 directed to Randolph Hospital, Inc. in the total amount of $399.00;

  h)  Invoice from Medtronic USA dated March 3, 2020 directed to Randolph Hospital, Inc. in the total amount of $3,959.00;

  i)  Invoice from MSD USA – Spine dated March 4, 2020 directed to Randolph Hospital, Inc. in the total amount of $5,897.95; and

  j)  Invoice from MSD USA – Spine dated March 5, 2020 directed to Randolph Hospital, Inc. in the total amount of $10,667.60.

  10.  According to the Debtors' records, during the ninety (90) days prior to the Petition Date (the "Preference Period") Randolph Hospital, Inc. d/b/a Randolph Health made payments to Medtronic totaling no less than $83,805.84.

  11.  The payments made by Randolph Hospital, Inc. d/b/a Randolph Health to Medtronic during the Preference Period exceed the amount of the alleged administrative expense claim asserted by Medtronic under 11 U.S.C. § 503(b).

  12.  Upon information and belief, Randolph Hospital, Inc. d/b/a Randolph Health has potential causes of action against Medtronic, as transferee, for the avoidance and recovery of the transfers made to Medtronic during the Preference Period, under 11 U.S.C. §§ 547 and 550.

  13.  Pursuant to 11 U.S.C. § 502(d), "the court shall disallow any claim of any entity

… that is a transferee of a transfer avoidable under section … 547 … of this title, unless such entity or transferee has paid the amount … for which such entity or transferee is liable under section … 550 … of this title."

14. Courts have held that 11 U.S.C. § 502(d) applies not only to pre-petition claims, but also to administrative priority claims, In re MicroAge, Inc., 291 B.R. 503 (9th Cir. B.A.P. 2002), and, specifically, to claims under 11 U.S.C. § 503(b)(9). See In re Circuit City Stores, Inc., 426 B.R. 560 (Bankr.E.D.Va. 2010).

15. The Liquidation Trust objects to Medtronic's Request insofar as it seeks the allowance and payment of the alleged 11 U.S.C. § 503(b)(9) administrative expense claims notwithstanding the avoidable payments made to Medtronic during the Preference Period.

16. In its Request, Medtronic asserts that the aggregate value of the goods delivered by Medtronic to the Debtors during the 20 days immediately preceding the Petition Date is **$38,812.40**. In support of this assertion, the Request refers to an attached Declaration of Bob Zbylicki (the "Zbylicki Declaration") and certain invoices attached thereto as Exhibit A (the "Medtronic Invoices"). In the Zbylicki Declaration, Mr. Zbylicki asserts that the Debtors purchased on credit and received goods from Medtronic during the 20 days prior to the Petition Date in the amount of **$38,812.40**.

17. Upon information and belief, and as evidenced by the Medtronic Invoices, the amounts asserted by Medtronic in its Request include not only charges for the value of goods, but also charges for other items such as taxes which are not recoverable as administrative expenses under 11 U.S.C. § 503(b)(9). The Liquidation Trust objects to the Request insofar as it seeks an administrative expense claim under 11 U.S.C. § 503(b)(9) for anything other than the value of goods received by the Debtors within 20 days before the Petition Date in which the

goods were sold to the Debtors in the ordinary course of the Debtors' business.  See, e.g., In re O.W. Bunker Holding North America Inc., 607 B.R. 47 (Bankr.D.Conn. 2019).

18. The Liquidation Trust objects to the Request to the extent that Medtronic seeks immediate payment of any administrative claim that is allowed under 11 U.S.C. § 503(b)(9). Any allowed administrative claims will be timely paid according to the priorities and timeframe set forth in the Bankruptcy Code and the Confirmed Plan.

WHEREFORE, the Liquidation Trust respectfully pray for the following relief:

1. That Medtronic's Request be denied, or, in the alternative, held in abeyance pending a determination of the avoidability of payments made to Medtronic during the Preference Period;

2. That the Court schedule a hearing on the Request and this Objection; and

3. For such other and further relief as this Court may deem just and proper.

Dated: October 29, 2021

**HENDREN, REDWINE & MALONE, PLLC**

s/Jason L. Hendren
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 372012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 420-7867
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com

COUNSEL FOR RANDOLPH HEALTH LIQUIDATION TRUST

## CERTIFICATE OF SERVICE

I, Jason L. Hendren, of 4600 Marriott Drive, Suite 150, Raleigh, North Carolina 27612, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 29th day of October, 2021, I served copies of the foregoing pleading on the parties listed below, by depositing a copy of the same in the United States mail bearing sufficient postage or electronically through CM/ECF as indicated.

I certify under penalty of perjury that the foregoing is true and correct.

Copies to:

William P. Miller
Office of the Bankruptcy Administrator                *(via CM/ECF)*

Louis E. Robichaux, IV                                *(via CM/ECF)*
*Trustee for the Randolph Health Liquidation Trust*

Jennifer A. Ledford                                   *(via CM/ECF)*
*Counsel for Medtronic Inc. and*
*its affiliates*

Jeffrey Traurig                                       *(via CM/ECF)*
*Counsel for Medtronic Inc. and*
*its affiliates*

This the 29th day of October, 2021.

**HENDREN, REDWINE & MALONE, PLLC**
s/Jason L. Hendren
Jason L. Hendren (NC State Bar 26869)
Rebecca F. Redwine (NC State Bar 372012)
Benjamin E.F.B. Waller (NC State Bar 27680)
4600 Marriott Drive, Suite 150
Raleigh, NC  27612
Telephone:  (919) 420-7867
Facsimile:  (919) 420-0475
Email:  jhendren@hendrenmalone.com
rredwine@hendrenmalone.com
bwaller@hendrenmalone.com